**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HAZEL BOOKER and TRACY HOLLEN,<br><br>*Plaintiffs,*<br><br>v.<br><br>VIDAL ALLEN, 1ST ST. USA LLC, BALLERS CORNER CAPITAL LLC, and NEXTRES LLC.,<br><br>*Defendants.* | Case No.: 26-12783<br><br>**OPINION AND ORDER**<br><br>October 15, 2026 |

**SEMPER**, District Judge.

**THIS MATTER** comes before the Court upon Plaintiffs Hazel Booker ("Booker") and Tracey Hollen's ("Hollen") (collectively, "Plaintiffs") Motion for a Temporary Restraining Order. (ECF 2, "Motion" or "Mot.") Defendant Nextres LLC ("Nextres") opposed Plaintiffs' Motion. (ECF 7, "Opposition" or "Opp.") Plaintiffs did not file a reply. The Court has decided the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Plaintiffs' Motion is **DENIED**.

**WHEREAS** Plaintiffs seek a temporary restraining order and injunctive relief preventing Defendant Vidal Allen ("Allen"), 1st St. USA LLC ("1st St."), Ballers Corner Capital LLC ("Ballers"), and Nextres (collectively, "Defendants") from enforcing a mortgage loan and foreclosing on their residence. (Mot. at 2.) Plaintiffs reside in property located at 303-307 17th Avenue, Paterson, New Jersey 07504 (the "Property"). (*Id.* at 1.) Plaintiffs' property faced foreclosure when they fell behind on their New Jersey Federal Credit Union ("NJCFU") mortgage

in October 2023. (*Id.*) Allen assisted Plaintiffs with their mortgage refinance. (*Id.*) While the facts remain in dispute, Plaintiffs allege Allen created a limited liability company, Seventeen H&B Holdings LLC ("H&B"), and transferred the Property's title from Hollen to H&B. (*Id.*; ECF 1, "Complaint" or "Compl." ¶¶ 29, 21.) Allen also allegedly obtained a commercial bridge loan (the "Bridge Loan") through Nextres, and H&B Holdings executed a Note and Mortgage in favor of Nextres in the amount of $276,000 on April 10, 2025. (Mot. at 1; Compl. ¶¶ 44, 56.) The Note had an annual interest rate of 13.99% and required the loan balance to be paid by May 1, 2026. (Mot. at 1; Compl. ¶ 58.) Plaintiffs also allege Allen filed multiple construction liens against the Property as part of securing the Bridge Loan. (Mot. at 1; Compl. ¶¶ 38, 40.) Plaintiffs defaulted on the Bridge Loan, and on August 19, 2026, Nextres filed a foreclosure action against them in the Superior County of New Jersey, Chancery Division, Passaic County.[1] (Mot. at 2; Compl. ¶¶ 93-94); and

**WHEREAS** Plaintiffs initiated this action against Defendants on September 29, 2026, asserting claims for fraud, violations of the New Jersey Consumer Fraud Act, breach of fiduciary duty, recession of the Bridge Loan and other construction liens, violations of the Real Estate Settlement Procedures Act ("RESPA") and Fair Credit Reporting Act ("FCRA"), unjust enrichment, and civil conspiracy. (Compl. ¶¶ 95-153.) Plaintiffs simultaneously filed the present Motion asking this Court to prevent Defendants from enforcing both the Bridge Loan and construction liens, and foreclosing on the Property. (Mot. at 2.) Plaintiffs argue that they have demonstrated irreparable harm, their underlying claims have a clear likelihood of success on the merits, and that the balance of equities and public interest weigh in their favor. (*Id.* at 4-17.)

[1] The Court notes that the parties present different docket numbers for the ongoing state court foreclosure action. Plaintiffs assert the docket number is F-007121-24 and Nextres asserts the docket number is F-9417-26. (*See* Compl. ¶ 20; Opp. at 2.)

Nextres filed an opposition on October 7, 2026, arguing that the Court lacks subject matter jurisdiction over this case because Plaintiffs fail to adequately plead diversity of citizenship, the Court lacks personal jurisdiction over Nextres because Nextres was not served, and that the Anti-Injunction Act prohibits this Court from entering any order or injunction that would halt the state foreclosure proceeding. (Opp. at 1-4.) On the merits, Nextres argues that Plaintiffs have not demonstrated irreparable harm, a likelihood of success on the merits, or that an injunction would benefit the public interest. (*Id.* at 4-6); and

**WHEREAS** the Court is satisfied that it maintains subject matter jurisdiction over Plaintiffs' claims. "The Court has an independent obligation to satisfy itself of its subject matter jurisdiction, and the Court 'always has jurisdiction to determine its [own] jurisdiction.'" *Foster v. Holiday Hosp. Franchising, LLC*, No. 24-10031, 2025 WL 2267978, at *1 (D.N.J. Aug. 8, 2025). In their Complaint, Plaintiffs contend that this Court has diversity, federal question, and supplemental jurisdiction over their claims. (*See* Compl. ¶ 1.) It is true that Plaintiffs incorrectly cite a removal statute as the basis of this Court's diversity jurisdiction,[2] and that they have not alleged complete diversity of citizenship between themselves and each Defendant in this case.[3] (*Id.* ¶¶ 1-10; Opp. at 4); *Foster*, 2025 WL 2267978, at *2 ("Critically, under 28 U.S.C. § 1332, there must be *complete* diversity of citizenship among the parties, meaning each plaintiff is

[2] Plaintiffs assert this Court has diversity jurisdiction over their claims under 28. U.S.C. § 1441. (*Id.* ¶ 1.) However, the statutory basis for diversity jurisdiction is 28 U.S.C. § 1332(a).

[3] For example, in their Complaint, Plaintiffs appear to assert that they, along with Defendants Allen and 1st St., are citizens of New Jersey, as they note that they and Allen reside in New Jersey, and that 1st St. maintains a mailing address in New Jersey. (*Id.* ¶¶ 3, 5, 7-8; ECF Nos. 8-1, 8-3); *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) ("A natural person is deemed to be a citizen of the state where he is domiciled. A corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business." (internal citations omitted)).

domiciled in a different state than each defendant[.]" (emphasis in original)). Regardless, the Court concludes it maintains federal question and supplemental jurisdiction over Plaintiffs' claims. Plaintiffs cite the proper statutes as bases for such jurisdiction, 28 U.S.C. §§ 1331 and 1367, and assert claims under two federal laws: RESPA and FCRA. (*See* Compl. ¶¶ 1, 130-41); *Rockefeller v. Comcast Corp.*, 424 F. App'x 82, 83 (3d Cir. 2021) ("Federal question jurisdiction exists only if a federal question is presented on the face of the complaint." (citation omitted)). Further, given that all of Plaintiffs' claims arise out of Defendants' alleged transfer of the Property's title to H&B, obtainment of the Bridge Loan and construction liens, and representations about the mortgage financing, the Court is satisfied that Plaintiffs' state breach of contract, fiduciary duty, recission, NJCFA, unjust enrichment, civil conspiracy, and quiet title claims arise out of the same case or controversy and common nucleus of operative fact as their federal claims. (*See* Compl. ¶¶ 95-129, 142-58); *Testa v. Hoban*, No. 17-1618, 2018 WL 623681, at *6 (D.N.J. Jan. 30, 2018) ("Supplemental jurisdiction is appropriate when there is a common nucleus of operative fact and whether the claims are part of the same case or controversy under Article III." (internal citations and quotation marks omitted)). As such, the Court maintains federal question and supplemental jurisdiction over Plaintiffs' claims; and

**WHEREAS** while Nextres contends that it was not served with process and that this Court therefore lacks personal jurisdiction over it, (Opp. at 3), this case's docket indicates that Nextres was properly and successfully served pursuant to Federal Rule of Civil Procedure 4 on October 2, 2026. (ECF Nos. 4, 8.) "A court obtains personal jurisdiction over the parties when the complaint and summons are properly served upon the defendant." *Lampe v. Xouth, Inc.*, 952 F.2d 697, 700-01 (3d Cir. 1991). "Under Rule 4(h), a corporation may be served 'by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent

authorized by appointment or by law to receive service of process[.]'" *G&G Closed Circuit Events, LLC v. Remsen Assocs., Inc.*, No. 19-13019, 2021 WL 1139873, at *2 (D.N.J. Mar. 24, 2021) (quoting Fed. R. Civ. P. 4(h)(1)(B)). The docket here reflects that Plaintiffs filed proof of service as to Nextres. Specifically, the affidavit of service states that the summons, Complaint, and Motion for a Temporary Restraining Order were served on Nicole Brown on October 2, and that Nicole Brown was a managing agent of the corporation who was "authorized to accept service." (ECF 8 at 1.) The Court concludes it has personal jurisdiction over Nextres; and

**WHEREAS** the Anti-Injunction Act provides that a federal district court "may not grant an injunction to stay proceedings in a State court except as expressly authorized by an Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. "[E]xceptions in the Anti-Injunction Act are to be construed narrowly," *In re Diet Drugs*, 282 F.3d 220, 233 (3d Cir. 2001), and "[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." *Atl. Coast Line R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 297 (1970); and

**WHEREAS** courts in this District have held that the Anti-Injunction Act "prohibits a federal court from entering an injunction that would enjoin mortgage foreclosure actions." *See Hernandez v. Fed. Nat. Mortg. Ass'n*, No. 14-7950, 2015 WL 3386126, at *3 (D.N.J. May 26, 2015) (declining to enjoin the plaintiff's pending state foreclosure action because doing so would "run afoul of the Anti-Injunction Act"); *Mestman v. Runaway Beach Condo. Assoc.*, No. 21-16529, 2021 WL 4848602, at *2 (D.N.J. Sept. 14, 2021) (concluding that a plaintiff's request that it order the state court to stay foreclosure proceedings was barred by the Anti-Injunction Act); *Patrick v. Am.'s Servicing Co.*, No. 14-6563, 2015 WL 1759567, at *4 (D.N.J. Apr. 17, 2015) (declining to

enjoin the defendants from evicting the plaintiff and selling his home because "the Anti-Injunction Act forbids a party from filing a federal suit that seeks to prevent defendants from proceeding on a foreclosure action"); *St. Clair v. Wertzberger*, 637 F. Supp. 2d 251, 255 (D.N.J. 2009) (abstaining from deciding a plaintiff's claims arising out of the foreclosure of his home in part because any ruling would "constitute an injunction enjoining the state court from ordering a foreclosure sale, which is prohibited by the Anti-Injunction Act"); and

**WHEREAS** here, "Plaintiff's claim for injunctive relief asks this Court to enjoin the pending foreclosure action" and thus "run[s] afoul of the Anti-Injunction Act." *See Hernandez*, 2015 WL 3386126, at *3; *Muniz v. Select Portfolio Servicing, Inc.*, No. 26-6004, 2026 WL 2334055, at *2 (D.N.J. Aug. 12, 2026). The Court may not grant Plaintiffs' requested relief; therefore, Plaintiffs' Motion is **DENIED**.

Accordingly, for the foregoing reasons, and for good cause shown,

**IT IS**, on this **15th** day of **October 2026**,

**ORDERED** that Plaintiffs' Motion (ECF 2) is **DENIED**.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig: Clerk
cc: Parties
Alex D. Silagi, U.S.M.J.